**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
**BROOKLYN DIVISION**

-------------------------------------------------------- X

In re:                                                                              Chapter: 7

Brian Cohen aka Brian J. Cohen,                              Case No.: 1-18-44427-cec
                            Debtor.
                                             Judge: Carla E. Craig

                                             Hearing: October 16, 2018 at 10:00 am

-------------------------------------------------------- X

### OBJECTION BY NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER TO THE DEBTOR'S MOTION TO SELL 20 KOENIG DRIVE, OYSTER BAY, NEW YORK

Nationstar Mortgage LLC d/b/a Mr. Cooper as servicer for U.S. Bank National Association, as Trustee for MASTER Adjustable Rate Mortgages Trust 2007-2 Mortgage Pass-Through Certificates, Series 2007-2 (the "Secured Creditor"), by its counsel, McCalla Raymer Liebert Pierce, LLC, states the following response to the debtor's Motion to Sell Property under 11 U.S.C. § 363 (the "Motion"):

1. Secured Creditor holds the perfected first mortgage on debtor's real property, the property known as 20 Koenig Drive, Oyster Bay, New York 11771 (the "Property").

2. On December 12, 2006, Brian Cohen and Lori Cohen entered into a note and mortgage on the Property for $1,200,000.00 (the "Mortgage"). The Mortgage was recorded prepetition on January 26, 2007 in Book M 31478 at Page 1 in Nassau County. Secured Creditor is entitled to payment in full upon the closing of the proposed sale.

3. The filed Motion asserts that the Property is worth $1,050,000.00. However, Debtor inexplicably seeks to sell the Property for less than the fair market value at $850,000.00.

4. Secured Creditor objects to this proposed sale as Debtor has not applied for or received approval for this proposed short sale. Further, Debtor has not demonstrated that he made sufficient but unsuccessful attempts to market and sell the Property at fair market value.

5. Additionally, Secured Creditor questions Debtor's standing to sell the Property in this chapter 7 case. Upon the filing of this case, the Chapter 7 Trustee became vested with the status of a hypothetical bona fide purchaser of the Property pursuant to 11 U.S.C. § 544. To date, the meeting of creditors has not been conducted. Further, the Chapter 7 Trustee has neither abandoned her interest in the Property nor has she taken other actions that would re-vest the Property into the Debtor.

6. Even if the Debtor has standing to bring the instant Motion, Secured Creditor objects to sale of the Property as proposed. Secured Creditor posits that it must be paid in full upon closing of the sale. Payment in full can either be the complete contractual pay off or some other amount upon the application of Debtor and the granting of consent and terms by Secured Creditor.

7. Secured Creditor objects to the Debtor's sale motion as proposed.

WHEREFORE, Secured Creditor respectfully requests that the Court deny Debtor's Motion in its entirety and for whatever additional relief the Court deems fair and just.

Dated: September 24, 2018

                              McCalla Raymer Liebert Pierce, LLC
                              Attorneys for Secured Creditor,

By:    ___/s/ Melissa N. Licker_____
         Melissa Licker, Esq.
         420 Lexington Avenue, Suite 840
         New York, NY 10170
         Telephone: 347-286-7409
         Facsimile: 347-286-7414
         NY_ECF_Notices@McCalla.com