**Michael L. Moskowitz (mlm@weltmosk.com)**
**Adrienne Woods (aw@weltmosk.com)**
**WELTMAN & MOSKOWITZ, LLP**
*Attorneys for Quadrino and Schwartz, P.C.*
*and Schwartz Law, P.C., Secured Creditors*
270 Madison Avenue, Suite 1400
New York, New York 10016-0601
212.684.7800

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>BRIAN COHEN,<br><br>Debtor. | Chapter 7<br><br>Docket No. 18-44427 (CEC) |

**MOTION FOR ENTRY OF AN ORDER (I) PURSUANT TO SECTION 107 OF THE BANKRUPTCY CODE, FEDERAL RULE OF BANKRUPTCY PROCEDURE 9018, AND LOCAL BANKRUPTCY RULE 9018-1 AUTHORIZING CREDITOR TO FILE DOCUMENTS UNDER SEAL, AND (II)(A) PURSUANT TO FEDERAL RULES OF BANKRUPTCY PROCEDURE 2002(A)(2) AND 9006, AND LOCAL BANKRUPTCY RULE 9077-1(C) SCHEDULING A HEARING ON SHORTENED NOTICE OR (B) EXTENDING THE DEADLINE TO OBJECT TO DISCHARGEABIILTY OF DEBT PURSUANT TO BANKRUPTCY RULE 4007(C)**

TO:   HONORABLE CARLA E. CRAIG
      UNITED STATES CHIEF BANKRUPTCY JUDGE

Quadrino and Schwartz, P.C. and Schwartz Law, P.C ("Putative Plaintiffs"), secured creditors of Brian Cohen debtor in the above-captioned bankruptcy proceeding ("Debtor"), by and through their attorneys, Weltman & Moskowitz, LLP, as and for their motion ("Motion") for entry of an order: (I) pursuant to section 107 of Title 11 of the United States Code §§ 101 *et seq*. ("Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), and Rule 9018-1 of the Local Bankruptcy Rules for the Eastern District of New York ("Local Rules"), authorizing Putative Plaintiffs to file documents under seal and directing that the documents shall remain under seal and confidential; and (II)(A) pursuant to Bankruptcy Rules 2002(a)(2) and 9006, and Local Rule 9077-1(c) scheduling a hearing on shortened notice, or (B) alternatively extending the deadline for Putative Plaintiffs to object to dischargeability of debt pursuant to Bankruptcy Rule 4007(c), respectfully represent:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief sought herein are section 107 of the Bankruptcy Code, Bankruptcy Rules 2002(a)(2), 4007(c), 9006 and 9018, and Local Rules 9018-1 and 9007-1(c).

## BACKGROUND

4. Putative Plaintiffs seek to file an adversary proceeding in Debtor's bankruptcy case. The subject matter of the complaint ("Complaint") Putative Plaintiffs seek to file involves a settlement agreement ("Insurance Settlement") between Debtor, Putative Plaintiffs and an insurer ("Insurer") that will be a co-defendant with Debtor in the adversary proceeding.

5. The Insurance Settlement contains a confidentiality agreement which, if violated, voids the Insurer's obligations thereunder. Debtor has consented by stipulation to Putative Plaintiffs filing the Complaint under seal. *See*, Exhibit "A." Accordingly, Putative Plaintiffs seek entry of an order permitting filing of the Complaint and all exhibits under seal and directing that they remain under seal.

6. Additionally, the Complaint includes a cause of action under section 523(c) of the Bankruptcy Code that must be filed by November 6, 2018. As such, Putative Plaintiffs seek a hearing on this Motion on expedited notice or, in the alternative, an extension of their deadline through the hearing date of this Motion to file a complaint pursuant to section 523(c) of the Bankruptcy Code so they can timely file the Complaint.

## RELIEF REQUESTED

7. Putative Plaintiffs, by this Motion, seeks entry of an order: (I) pursuant to section 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018 and Local Rule 9018-1, authorizing Putative Plaintiffs to file their Complaint and all exhibits under seal and directing that they remain under seal;

and (II) pursuant to Bankruptcy Rules 2002(a)(2) and 9006, and Local Rule 9077-1(c), scheduling a hearing on the Motion on shortened notice, or, in the alternative, extending their deadline to file a complaint pursuant to section 523(c) of the Bankruptcy Code.

## LEGAL ARGUMENT

**A. It is Imperative that the Complaint and Exhibits be Filed Under Seal**

8. Motions to file documents under seal are governed by section 107(b) of the Bankruptcy Code. Section 107(b) provides:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may --
> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information; . . .

11 U.S.C. § 107(b).

9. Bankruptcy Rule 9018 sets forth the procedures by which a party in interest may obtain a protective order authorizing the filing of a document under seal. Bankruptcy Rule 9018 states in relevant part:

> On motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information.

Fed. R. Bankr. P. 9018.

10. Once the Court determines that a party in interest is seeking protection of information that falls within one of the categories enumerated in section 107(b), "the court is required to protect a requesting interested party and has no discretion to deny the application." *Video Software Dealers Ass'n v. Orion Pictures Corp.* (*In re Orion Pictures Corp.*), 21 F.3d 24, 27 (2d Cir. 1994).

11. The confidentiality agreement contained in the Insurance Settlement was required by the Insurer to avoid publication of information that could result in commercial harm. If the confidentiality agreement is violated, the Insurer's obligations under the Settlement Agreement is void.

Courts have also found that such relief should be granted if the information sought to be protected is "commercial information." *See In re Global Crossing*, 295 B.R. 720, 725 (Bankr. S.D.N.Y. 2003) (stating that the purpose of Bankruptcy Rule 9018 is to "protect business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury.").

12. The Court should authorize the Complaint and all exhibits thereto be filed under seal, and limit notice to Debtor, Debtor's counsel, Insurer, and chapter 7 trustee ("Limited Notice Parties"). The information contained therein is highly sensitive, as it concerns a confidential settlement agreement with Insurer.

13. If authorized by the Court, Putative Plaintiffs will: (a) file the Complaint and exhibits under seal; and (b) serve the Complaint and exhibits on the Limited Notice Parties.

### B. The Motion Must be Heard on Shortened Notice

14. As described above and set forth in the annexed Affirmation of Michael L. Moskowitz, Esq., cause exists for shortening the notice period.

15. The Complaint contains a cause of action under section 523(c) of the Bankruptcy Code. The deadline to file a complaint against Debtor under section 523(c) is November 6, 2018. As such, if the Complaint is to be timely filed, Putative Plaintiffs must obtain permission to file it under seal prior to November 6, 2018. Absent this relief, Putative Plaintiffs will be severely prejudiced.

### C. The Deadline to Object to Dischargeability of Debt Should be Extended

16. As stated, the Complaint contains a cause of action under section 523(c) of the Bankruptcy Code, and the deadline to file a complaint against Debtor under section 523(c) is November 6, 2018. If the Court declines to grant Putative Plaintiffs' request to file the Complaint under seal on an expedited basis, Putative Plaintiffs respectfully request that the Court extend their deadline to object to dischargeability of Debtor's debt until the hearing on the Motion.

17. As an alternative, the Court, if it is so inclined could "So Order" the stipulation already agreed to by Debtor and the Putative Plaintiff.

## NO PRIOR REQUEST

18. No prior application for the relief requested herein has been made to this or any other court.

## CONCLUSION

**WHEREFORE**, Putative Plaintiffs respectfully request the Court enter an order: (a) authorizing Putative Plaintiffs to file the Complaint and exhibits under seal; (b) extending the deadline for Putative Plaintiffs to object to dischargeability of debt pursuant to Bankruptcy Rule 4007(c), (c) limiting the parties who have access to the Complaint and exhibits to the Limited Notice Parties, and (d) granting such other and further relief as it deems appropriate.

Dated: November 2, 2018
New York, New York

**WELTMAN & MOSKOWITZ, LLP**
*Attorneys for Quadrino and Schwartz, P.C.*
*and Schwartz Law, P.C., Secured Creditors*

By: */s/ Michael L. Moskowitz*
**MICHAEL L. MOSKOWITZ**
270 Madison Avenue, Suite 1400
New York, New York 10016
Telephone: (212) 684-7800