**Michael L. Moskowitz (mlm@weltmosk.com)**
**Adrienne Woods (aw@weltmosk.com)**
**WELTMAN & MOSKOWITZ, LLP**
*Attorneys for Quadrino and Schwartz, P.C.*
*and Schwartz Law, P.C., Secured Creditors*
270 Madison Avenue, Suite 1400
New York, New York 10016-0601
(212) 684-7800

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>    BRIAN COHEN,<br><br>              Debtor. | Chapter 7 Case<br><br>Docket No. 18-44427 (CEC) |

**REPLY TO DEBTOR'S LIMITED OBJECTION TO MOTION FOR ENTRY OF AN ORDER (I) PURSUANT TO SECTION 107 OF THE BANKRUPTCY CODE, FEDERAL RULE OF BANKRUPTCY PROCEDURE 9018, AND LOCAL BANKRUPTCY RULE 9018-1 AUTHORIZING CREDITOR TO FILE DOCUMENTS UNDER SEAL, AND (II)(A) PURSUANT TO FEDERAL RULES OF BANKRUPTCY PROCEDURE 2002(A)(2) AND 9006, AND LOCAL BANKRUPTCY RULE 9077-1(C) SCHEDULING A HEARING ON SHORTENED NOTICE OR (B) EXTENDING THE DEADLINE TO OBJECT TO DISCHARGEABIILTY OF DEBT PURSUANT TO BANKRUPTCY RULE 4007(C)**

TO:    HONORABLE CARLA E. CRAIG
         CHIEF UNITED STATES BANKRUPTCY JUDGE

Quadrino and Schwartz, P.C. and Schwartz Law, P.C ("Putative Plaintiffs"), secured creditors of Brian Cohen, debtor in the above-captioned bankruptcy proceeding ("Debtor"), by and through their attorneys, Weltman & Moskowitz, LLP, as and for their reply to the limited objection ("Objection") of Debtor to Putative Plaintiffs' motion ("Motion") for entry of an order: (I) pursuant to section 107 of Title 11 of the United States Code §§ 101 *et seq*. ("Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), and Rule 9018-1 of the Local Bankruptcy Rules for the Eastern District of New York ("Local Rules"), authorizing Putative Plaintiffs to file documents under seal and directing that the documents shall remain under seal and confidential; and (II)(A) pursuant to Bankruptcy Rules 2002(a)(2) and 9006, and Local Rule 9077-1(c) scheduling a hearing on shortened notice, or (B) extending the deadline for Putative

Plaintiffs to object to dischargeability of debt pursuant to Bankruptcy Rule 4007(c), respectfully represent:

## REPLY

1.     As a preliminary matter, the hearing on the Motion is scheduled for December 18, 2018. As such, objections to the Motion were due on December 11, 2018. Debtor's late Objection, filed on December 13, 2018, should not be considered. To the extent that the Court does consider the Objection, however, it is without merit.

2.     Debtor objects to the Motion inasmuch as it seeks an extension of time to file a complaint objecting to dischargeability of Debtor's debt to them.[1]

3.     Putative Plaintiffs filed the Motion on November 2, 2018, prior to the deadline to file such a complaint that was fixed as November 6, 2018 as required by Federal Rule of Bankruptcy Procedure 4004(b)(1).

4.     Additionally, Putative Plaintiffs requested the extension because they cannot file such a complaint until the Court rules on the other relief sought in the Motion – specifically, Putative Plaintiffs' request to file documents related to their claim against Debtor under seal. This is because Putative Plaintiffs' claim against Debtor is inextricably related to a certain settlement agreement that contains a confidentiality provision, violation of which could have dire consequences for both Putative Plaintiffs and Debtor. Putative Plaintiffs posit this establishes cause under Federal Rule of Bankruptcy Procedure 4004(a).

5.     Moreover, once given permission to file the relevant documents under seal, there will be no significant delay in Putative Plaintiff's filing of the complaint. Indeed, the complaint is drafted and will only need to be updated with correct dates prior to filing. As such, the complaint

---

[1] In the Motion, Putative Plaintiffs requested in the first instance that the Court schedule a hearing on their request to file documents under seal on shortened notice.

will be filed within 24 hours of this Court's grant of permission to file it under seal so there is little, if any, prejudice to Debtor if the relief requested is granted.

6.    Debtor asserts Putative Plaintiffs unduly delayed their filing of a complaint and, as such, should not be granted any extension of time. This is patently incorrect. Putative Plaintiffs were in contact with Debtor's counsel for well over a month prior to filing the Motion in an attempt to negotiate a settlement with Debtor and avoid unnecessary litigation. Once it became clear Debtor was unwilling to settle under terms Putative Plaintiffs felt reasonable, Putative Plaintiffs wasted no time drafting the necessary complaint. Filing the complaint, however, could not be accomplished without first obtaining the Court's permission to file the documents under seal. Putative Plaintiffs negotiated a stipulation with Debtor pursuant to which the parties agreed to file the complaint under seal; however, the Court advised that a formal motion was required for consideration of this relief. Within 24 hours of being advised that a formal motion was required, Putative Plaintiffs filed the Motion. Moreover, the relief Debtor is objecting to was already granted by the Court in the Scheduling Order which provides Putative Plaintiffs through conclusion of the hearing to file the complaint. [Doc. No. 24]

7.    Debtor also asserts Putative Plaintiffs are "wrongfully holding the Debtor's property" and further that "the only amount in dispute is the attorneys alleged fee of $1,001.00." Objection at ¶ 8. This also is incorrect. First, the funds being paid by Insurer[2] to Putative Plaintiffs is being held in an attorney escrow account pending a determination by this Court as to whom is entitled to the fees. Second, the funds currently being held by Putative Plaintiffs do not even account for the thousands of dollars Debtor has wrongfully withheld from Putative Plaintiffs in fees to which they are entitled for work performed. Indeed, Debtor owes Putative Plaintiffs not

---

[2] Capitalized terms not otherwise defined herein are ascribed the meaning provided in the Motion.

3

less than $17,390.32 in past-due amounts, and Putative Plaintiffs are holding only $9,015.00 in escrow. Putative Plaintiffs are concerned that if they are forced to turn over the amounts they are holding, should the Court rule in their favor, Debtor will have absconded with what is owed them. And, as stated above, if the Motion to file the complaint under seal is granted, there will be little delay in resolution of the matter as Putative Plaintiffs are prepared to file the complaint within 24 hours.

## CONCLUSION

**WHEREFORE**, Putative Plaintiffs respectfully renew their request that the Court enter an order (a) authorizing Putative Plaintiffs to file the Complaint and exhibits under seal; (b) extending the deadline for Putative Plaintiffs to object to dischargeability of debt pursuant to Bankruptcy Rule 4007(c); (c) limiting the parties who have access to the Complaint and exhibits to the Limited Notice Parties; and (d) granting such other and further relief as it deems appropriate.

Dated: December 17, 2018
       New York, New York

**WELTMAN & MOSKOWITZ, LLP**
*Attorneys for Quadrino and Schwartz, P.C.*
*and Schwartz Law, P.C., Secured Creditors*

By: _____
    MICHAEL L. MOSKOWITZ
    270 Madison Avenue, Suite 1400
    New York, New York 10016
    (212) 684-7800

4